UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS LAUMANN, et al., representing themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL HOCKEY LEAGUE, et al.,<br><br>Defendants | 12-cv-1817 (SAS)<br>ECF Case |
| FERNANDA GARBER, et al., representing themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE OF THE COMMISSIONER OF BASEBALL, et al.,<br><br>Defendants | 12-cv-3704 (SAS)<br>ECF Case |

**MOTION FOR LEAVE
TO AMEND WITH MEMORANDUM OF
POINTS AND AUTHORITIES**

Plaintiffs in these related cases hereby seek leave pursuant to Fed. R. Civ. P. 15(a) to file amended complaints in both of these related actions for the purpose of adding or substituting parties. Copies of the proposed *Garber* and *Laumann* amended complaints are attached as Appendix 1 and Appendix 2, respectively. Pursuant to the Court's Individual Rules and Procedures (Rule IV(B)), Plaintiffs hereby certify that the pre-motion exchange of letters occurred, as further described below. In support of this motion, Plaintiffs submit the following memorandum of points and authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

*Background*

These related cases raise antitrust claims stemming from the broadcast and transmission of sporting events. The *Laumann* complaint was filed on March 12, 2012. *Laumann* was amended pursuant to an endorsed stipulation on May 2, 2012 [*Laumann* Docket No. 45]. The *Garber* complaint was filed on May 9, 2012 and has not yet been amended.

On July 3 and July 9, respectively, the parties exchanged pre-motion letters regarding the grounds on which the Defendants have moved to dismiss the complaints. The July 3, 2012 letter sent by counsel for Comcast and its affiliated Regional Sports Network defendants informed Plaintiffs that certain of their clients had been misidentified in the complaints. "Comcast is willing to meet and confer regarding options for correcting these errors." *Letter from Arthur Burke & Louis Karasik to Michael Buchman* (July 3, 2012). The attached proposed amended complaints reflect corrections to the Comcast-affiliated Regional Sports Network defendants. It also corrects a misidentification of one of the Major League Baseball clubs.

In August 2012, after Defendants filed their motion to dismiss on July 27, 2012, Plaintiffs' counsel were first contacted and retained by an additional party – Garrett Traub. The addition of Mr. Traub to both the *Garber* and *Laumann* complaints is reflected in the attached proposed amended complaints, as well as one additional named plaintiff in the *Laumann* matter, David Dillon. The only other changes involve correcting the identity of misidentified Defendants. There are no changes to the substantive allegations as they exist in current complaints, because nothing in Defendants' motion to dismiss papers requires it. Contrary to Defendants' contentions, Plaintiffs have not asserted any new theories in their response that are not reflected in the current complaints.[1]

On September 13, 2012, pursuant to the Court's Individual Rule of Practice IV(B), Plaintiffs sent a pre-motion letter to defendants, attaching the proposed amended complaints and seeking their position. Defendants responded with their own pre-motion letter on October 1, 2012. Defendants' letter contained no substantive argument objecting to the proposed amendments. Rather, Defendants indicated their intention to oppose this motion only on grounds related to its timing.

*Standard*

Fed. R. Civ. P. 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." "The rule in [the Second Circuit] has been to allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad faith." *Block* v. *First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993); *Hinds County* v. *Wachovia Bank, NA.,* No. 08 Civ. 25l6 (VM), 2012 WL 3245500 at *5 (S.D.N.Y. Aug. 12, 2012).

---

[1] In particular, Defendants contend that Plaintiffs assert a new theory of horizontal agreement between the RSNs that is not reflected in the complaints. Plaintiffs direct Defendants to Section VI.A.2 in each complaint, in which the allegations pertaining to the RSN's horizontal agreement and the implementation of the agreed-to divisions by the MVPDs are clearly laid out.

"If the amendment seeks to add a party, Rule 21 of the Federal Rules of Civil Procedure, which allows addition of a party 'at any time, on just terms,' also comes into play." *Soroof Trading Development Co., Ltd. v. GE Microgen, Inc.*, No. 10 Civ. 1391 (LTS) (JCF), 2012 WL 1681815 at *3 (S.D.N.Y. May 11, 2012) ("*Soroof*"). "However, that creates no additional obstacle, as the 'showing necessary under Rule 21 is the same as that required under Rule 15(a) [2].'" *Id.* (citing *Johnson v. Bryson,* 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012)).

*Argument*

Plaintiffs regret the unfortunate resort to motion practice in these circumstances, yet the refusal of Defendants to assent to the amendments requires it. At issue are a small handful of non-controversial, non-substantive amendments to pleadings that should have no effect on the core issues in the currently pending motion to dismiss. The only purpose of these proposed amendments is to add or substitute parties. Indeed, the Defendants' pre-motion letter contains no claim of prejudice or other substantive objection to the amendments. Nor could it. The need to substitute the proposed new Comcast defendant entities was in fact suggested by the Defendants. With regard to the additional plaintiffs being added, Mr. Traub was only made known to Plaintiffs after the motion to dismiss was on file. Counsel for Major League Baseball and the clubs has been aware of the misidentification of the correct Chicago Cubs entity for many months. Defendants' letter effectively concedes that neither Mr. Traub's addition, nor that of Mr. Dillon present any prejudice to Defendants.

Instead, the thrust of Defendants' objection relates to the timing of the amendment. Yet submission of the proposed amendments now is important, because it creates efficiencies for the Court, beyond the correction to the names of Defendant entities. As pointed out in Plaintiffs' opposition brief, Mr. Traub is an MLB Extra Innings subscriber, so his inclusion

obviates the need for the Court to address one of the minor arguments in the pending motion to dismiss – i.e., that Plaintiffs lack standing to assert claims on behalf of Extra Innings subscribers.[2] *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaints [*Laumann* Docket No. 72] at 16 n.22 & 58. In any event, Plaintiffs' proposal to add Mr. Traub—which it could not have done when pre-motion letters were exchanged in July—eliminates the need to address this issue.

Defendants are correct only inasmuch as a dismissal with prejudice by the Court would render the proposed amendments futile. Yet that is always true in instances where a motion to dismiss is pending – and Plaintiffs have opposed the Defendants' motion. Absent speculation and in its current posture, the proposed amendments are not futile. In any event, the Court is in the best position to determine how the resolution of each of these motions may affect the other.

In this case, where the proposed amendments are neither futile nor prejudicial to the non-moving party, a straightforward application of Rule 15(a) yields the conclusion that the proposed amendments should be allowed. *See Soroof*, 2012 WL 1681815 at *6.

WHEREFORE, Plaintiffs' motion for leave to amend the complaints in *Laumann* and *Garber*, as reflected in the attached proposed amended complaints, should be granted.

Dated: October 5, 2012

                                                        */s/ Kevin Costello*

---

[2] Plaintiffs do not admit that Defendants' argument is correct on its own terms. The objection raised by Defendants is not an issue of standing, but rather an issue of class certification, *i.e.*, whether the named plaintiffs can properly represent Extra Innings subscribers. *See, e.g.*, *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) ("[C]lass certification issues are, as they were in *Amchem*, 'logically antecedent' to Article III concerns.") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 592 (1997)).

Kevin Costello
Gary Klein
**KLEIN KAVANAGH COSTELLO, LLP**
85 Merrimac Street, 4th Floor
Boston, MA 02114
Telephone: (617) 357-5500
Facsimile: (617) 357-5030

Edward Diver
Howard Langer
Peter Leckman
**LANGER, GROGAN & DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Telephone: (215) 320-5660
Facsimile: (215) 320-5703

Michael M. Buchman
**POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP**
600 Third Avenue
New York, NY 10016
Telephone: 212-661-1100
Facsimile: (212) 661-8665

J. Douglas Richards
**COHEN, MILSTEIN, SELLERS & TOLL, PLLC**
88 Pine Street
14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745

Robert LaRocca
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street
Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Facsimile: (215) 238-1968

*Attorneys for Plaintiffs Fernanda Garber, Marc Lerner, Derek Rasmussen, Robert Silver, and Garrett Traub*

Fred Isquith
Alex Schmidt
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

*Attorneys for Plaintiff Peter Herman*

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on October 5, 2012, I filed the foregoing by ECF to all counsel of record.

*/s/ Kevin Costello*
Kevin Costello
Gary Klein
**KLEIN KAVANAGH COSTELLO, LLP**
85 Merrimac Street, 4th Floor
Boston, MA 02114
Telephone: (617) 357-5500
Facsimile: (617) 357-5030