UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMAS LAUMANN, ROBERT SILVER, )
GARRETT TRAUB, and DAVID DILLON, )
representing themselves and all others similarly )
situated, )
                                                           Plaintiffs, )

                  v. )

NATIONAL HOCKEY LEAGUE et al., )

                                                           Defendants. )

12-cv-1817 (SAS)

---

## STIPULATED PROTECTIVE ORDER

Each of the undersigned parties ("Party" or "Parties") and each counsel of record stipulate and move the Court for entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of information produced in discovery in the above-referenced action, and, as grounds therefore, stipulate and agree as follows:

1.  All documents, information, data, testimony, and other material produced or disclosed in discovery in this action, whether or not designated as "Confidential Information" or "Highly Confidential Information," shall be used solely for purposes of this action, to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

2.  In this action, at least one of the Parties has sought, and/or is seeking, and/or is expected to seek Restricted Information (as defined in paragraph 3 below). The Parties also anticipate seeking additional Restricted Information during discovery and that there will be questioning concerning Restricted Information in the course of depositions, hearings or trial. Disclosure of such Restricted Information except as permitted by this Order could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Order for the purpose of facilitating the prompt resolution of disputes over confidentiality and preventing the disclosure and use of Restricted Information except as set forth herein.

3.  "Restricted Information" means and includes "Confidential Information" and "Highly Confidential Information" as defined in this paragraph.

    a.  "Confidential Information" means any information, data, document, file, transcribed testimony, response to a discovery request, or other materials—including any

2

extract, abstract, chart, summary, note, or copy made therefrom—that is subject to protection under Federal Rules of Civil Procedure, Rule 26(c) as containing non-public trade secret, confidential, proprietary, or commercially or personally sensitive information.

    b.    "Highly Confidential Information" is "Confidential Information" as defined herein that, in addition to meeting the definition of "Confidential Information," also includes information that contains competitively sensitive confidential information of the Designating Party, the disclosure of which may result in competitive harm, including, but not limited to (i) any documents or information relating to or reflective of market strategies, including business planning, contract negotiations and terms, and research and development activities, (ii) any documents or information relating to or reflective of pricing, including underlying cost data, budgets, and any price-related terms of a party, and (iii) any documents or information relating to or reflective of customer information.

4.    A Party who reasonably and in good faith believes that material is "Confidential," as defined in paragraph 3(a), or "Highly Confidential," as defined in paragraph 3(b) may so designate the material as follows:

    a.    By imprinting the term "Confidential" or "Highly Confidential," as appropriate, on each page of any document produced that is so designated or, in the case of a document or information produced in native format, on an accompanying production page;

    b.    By imprinting the term "Confidential" or "Highly Confidential," as appropriate, next to or above any response to a discovery request;

    c.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions (and exhibits thereto) as "Confidential" or "Highly Confidential," as appropriate, no later than fifteen (15) calendar days after receipt of the final

transcript of a deposition, or by orally designating such testimony as "Confidential" or "Highly Confidential" on the record at the deposition or other proceeding at which it is given. Until the fifteen (15) calendar day period expires, all deposition transcripts shall be treated as Highly Confidential; and

    d.    For information produced in non-paper media (e.g., videotape, audiotape, and computer disk), designation shall be made by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential."

5.    If a Designating Party believes that a deposition question calls for Highly Confidential Information of the Designating Party, counsel for that Party may, before the witness answers, so state, and any persons who are in attendance who are not authorized under this Order to have access to such Highly Confidential Information must then absent themselves for the duration of the testimony containing Highly Confidential Information. A Party's failure to so advance designate at a deposition shall not constitute a waiver of that Party's right to later designate such testimony as Confidential or Highly Confidential pursuant to this Order.

6.    A Party's inadvertent failure to designate any material as Confidential Information or Highly Confidential Information shall not be deemed a waiver of that Party's later claim that such material is Confidential Information or Highly Confidential Information and such Party may designate such material as Confidential Information or Highly Confidential Information pursuant to this Order at any time thereafter. At such time, arrangement will be made for the return to the producing Party of all copies of the misdesignated document(s) and for the substitution, where appropriate, of properly labeled copies of such documents. All previously produced copies of such documents that were misdesignated shall be destroyed by the receiving

Party or Parties upon receipt of replacement copies of such documents with the proper designation. The receiving Party shall verify in writing that it has destroyed said misdesignated documents.

7. Confidential Information may be disclosed only to the following persons:

a. Outside counsel of record for the Parties and employees of such attorneys or their firms involved in the prosecution or defense of this litigation, including service providers such as electronic discovery vendors, graphic services, printing and document duplicating or management services;

b. Officers, directors and in-house counsel of Parties to this litigation (or of owners of Parties to this litigation), as well as any committee of the NHL Board of Governors to the extent that such committee is consulted or asked to take action or make a recommendation with respect to the case, provided that such persons are given a copy of this Order and agree to be subject to and bound by the terms of this Order;

c. Employees of Parties to this litigation who are actively engaged in assisting counsel with the prosecution or defense of the case, provided that such persons are given a copy of this Order and agree to be subject to and bound by the terms of this Order;

d. Named plaintiffs, provided that such persons are given a copy of this Order and sign an affidavit in the form of Exhibit A.

e. To the extent disclosure is not authorized under another subparagraph, witnesses and potential witnesses who have been noticed or subpoenaed for testimony in this litigation, other than experts, in connection with actual or potential testimony (including deposition testimony) in this litigation. The witness shall be informed that this Order restricts the disclosure of the information, that he or she may consider and/or use the

confidential information only for purposes of preparing to testify or testifying in this litigation and not for any other purpose, and that he or she is subject to the Court's jurisdiction for purposes of enforcing this Order. No individual who is shown Confidential Information pursuant to this subsection shall be permitted to retain or keep copies of the Confidential Information or to view it outside the presence of counsel, unless permitted by some other provision of this order to do so;

   f. With respect to particular documents or data designated as Confidential Information, any individual indicated on the document as its author, addressee, or other recipient, or any other sender/transmitter or recipients of the document or data;

   g. Actual or potential independent experts or consultants retained by a Party for purposes of this litigation, and the employees of such experts or consultants (or the employees or members of any firm through which the expert or consultant is performing work for purposes of this litigation), provided that such experts or consultants are not employed by an actual or reasonably likely future competitor or business counterparty of the producing Party, or retained on separate matters adverse to the interests of the producing Party, at the time of disclosure. "Independent" for purposes of this paragraph refers to a person who is not otherwise employed by, is not an officer or director of, and does not have an ownership interest in the Party by which he or she is retained in this litigation. A person is "employed by" a Party if that person is on the regular payroll of the Party or an affiliate of the Party. Before Confidential Information is disclosed to any individual under this subparagraph, the individual must sign an affidavit in the form of Exhibit A;

h.   The Court, the jury at trial, and the Court's personnel working on this case (absent further order of the Court that may be made respecting confidentiality of materials presented in Court or at trial);

i.   Special masters, mediators or arbitrators, or referees appointed by the Court or retained by the parties, court reporters, videographers, and their clerical personnel in connection with work on this case; and

j.   Any other person authorized to have access by Order of the Court, or by written agreement of all parties.

8.   Highly Confidential Information may be disclosed only to persons described in paragraphs 7(a), (f), (g), (h), (i), and (j), under the terms and conditions therein specified.  In addition, a Party may disclose Highly Confidential Information: (1) to a witness or potential witness employed by the Designating Party or by an owner or parent of a Designating Party; or (2) to other witnesses and potential witnesses, but only to the extent that counsel for the examining or preparing party reasonably believes in good faith that such witness or potential witness authored or previously received or reviewed such information or material in the course of business.  In addition, to the extent the information or material purports to describe the conduct or statements of the person, he or she may be shown the particular portion of the information or material purporting to describe his or her conduct or statements, but only that portion and not the remainder of the information or material. A Party intending to disclose Highly Confidential Information to such a witness or potential witness who is not employed by the Designating Party or by an owner or parent of a Designating Party must provide written notice to the Designating Party identifying (by Bates number or other individually identifiable information) the Highly Confidential Information intended to be disclosed.  After receiving the

7

notice, the Designating Party shall not disclose the notice or the information proposed to be disclosed to any other Party or non-party (including the witness to whom the disclosure is proposed). Should the disclosing and Designating parties, after meeting and conferring, disagree as to whether the disclosure is reasonably necessary, the Highly Confidential Information shall not be disclosed to the witness unless and until the Court orders such disclosure. The portions of the deposition transcript pertaining to such Highly Confidential Information shall automatically be deemed "Highly Confidential" and any Highly Confidential Information marked as an exhibit during the deposition shall continue to be designated "Highly Confidential."

9. All individuals authorized to review Restricted Information pursuant to this Order shall hold it in confidence and shall not divulge it, either verbally or in writing, to any other person, entity or government agency, unless authorized to do so by court order or, subject to paragraph 22, as required by subpoena, and shall not directly or indirectly consult, review, consider or make any use whatsoever of such information for any purpose other than in compliance with paragraph 1 above.

10. A Party's counsel who discloses Restricted Information received from another Party shall obtain and retain the original affidavits signed by qualified recipients of Restricted Information to the extent provided above, and shall maintain a list of all persons to whom any Restricted Information is disclosed.

11. During the pendency of this action, upon agreement of the relevant Parties or upon a court order after a showing of substantial need to establish the source of an unauthorized disclosure of Restricted Information that cannot otherwise be identified, counsel for any Party that has produced Restricted Information may inspect the list maintained by counsel that has received such Restricted Information, subject to any conditions the Court deems appropriate.

12.     If a Party objects to the designation of certain information as Confidential or Highly Confidential Information, that Party shall inform all other Parties in writing of the objection. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt the dispute remains unresolved, the Party opposing the designation may move for an order requiring disclosure absent the Confidential or Highly Confidential restrictions of this Order. The information shall continue to have its designated status as Confidential or Highly Confidential Information, as the case may be, from the time it is produced until the ruling by the Court on the motion.

13.     Any document containing Restricted Information that is submitted to or filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the style of the action, an identification of the contents of such sealed envelope or container, the words "CONFIDENTIAL INFORMATION" and/or "HIGHLY CONFIDENTIAL INFORMATION" and an explanation that the information contained therein has been designated confidential pursuant to this Order. A Party submitting or filing papers under seal shall also submit or file a public version of such papers within fourteen calendar days after the sealed submission or filing. Such public version shall redact any Restricted Information. Prior to submitting or filing a public version of documents filed under seal, the Party making such submission or filing shall give the Designating Party at least five (5) business days to review the proposed public version to ensure that all such designated Restricted Information has been properly redacted.

14.     Nothing in paragraph 13 of this Order shall be construed to limit or prohibit the right of any entity or individual having the requisite standing to challenge a designation of any Restricted Information as Confidential or Highly Confidential Information under the procedures

set forth in paragraph 12 above. Accordingly, all Restricted Information must be filed under seal pursuant to the procedure set out in paragraph 13 unless and until such time as the Court has ruled that such Restricted Information is not Confidential or Highly Confidential Information.

15. Any Party or its counsel serving a subpoena upon a non-Party, which subpoena requires the production of documents in this action, may serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that he, she or it may designate documents produced pursuant to such subpoena as Confidential or Highly Confidential pursuant to this Order as may be appropriate.

16. It is hereby ordered pursuant to Federal Rule of Evidence 502 that inadvertent disclosure of privileged or protected information shall not waive any privilege or protection, otherwise applicable to the disclosed information under state or federal law. A Party may obtain the return of any information it claims to be subject to a privilege or protection, including without limitation the attorney-client privilege and the work-product protection ("Privileged Information") by notifying the recipient(s) in writing and requesting its return, sequestration or destruction. Except as provided in this paragraph, within three (3) business days, the recipient(s) shall gather and return all copies of the privileged materials to the Producing Party, or alternatively, destroy the privileged materials and certify as such to the Producing Party. If the returning party objects to the claim of privilege or protection asserted, its outside counsel may retain one copy of the disputed materials solely for purposes of challenging the claim before the Court. Any such document(s) may be annexed as an exhibit to a submission to the Court and shall be filed under seal or submitted for *in camera* review. After a document is returned, sequestered, or destroyed pursuant to this paragraph, a party may move the Court for an order compelling production of the document, but such party may not assert as a ground for entering

such an order the mere fact of inadvertent production. If a Party requests the return, pursuant to this paragraph, of Privileged Information then in the custody of one or more other Parties, the possessing Parties shall not make further use of the Privileged Information until such time as the Court has ruled on a motion respecting the privilege objections.

17.     In the event of a disclosure by a receiving Party of Restricted Information to persons or entities not authorized by this Order to receive such Restricted Information, the receiving Party making the disclosure shall, upon learning of the disclosure: (i) immediately notify the entity or individual to whom the disclosure was made that the disclosure contains Restricted Information subject to this Order; (ii) immediately make reasonable efforts to recover the disclosed Restricted Information as well as preclude further dissemination or use by the entity or individual to whom the disclosure was made; and (iii) immediately notify the producing Party of the identity of the entity or individual to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the Restricted Information and ensure against further dissemination or use of the Restricted Information. Disclosure of Restricted Information other than in accordance with the terms of this Order will subject the disclosing person to such sanctions and remedies as the Court may deem appropriate. A Party shall be responsible for any such unauthorized disclosure of Restricted Information by (i) any person who received the Restricted Information from the Party pursuant to paragraphs 7(b) or 7(c); and (ii) any employee who received the Restricted Information from the Party pursuant to paragraph 7(e).

18.     Nothing in this Order shall affect the rights of any Party, during discovery pre-trial proceedings, or trial, to object to the production or admission as evidence of any Confidential Information or Highly Confidential Information.

19. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Restricted Information pursuant to this Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Order.

20. Upon termination of this litigation, including any appeals, each Party's counsel shall within sixty (60) days return to the producing Party all Restricted Information provided subject to this Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or shall at such Party's option destroy all such Restricted Information, and all extracts, abstracts, charts, summaries, notes, and copies made therefrom, and shall certify in writing to the producing Party that such destruction has been accomplished. However, the Party's outside litigation counsel shall be allowed to keep a complete set of all pleadings, court filings, discovery responses, transcripts, exhibits used in depositions or court, correspondence, and the attorney's work product even if those documents include reference to or inclusion of Restricted Information ("Attorney's File"), unless a Party objects within thirty (30) days of the termination of the litigation to the outside litigation counsel's retention of any portion of the Attorney's File. The Parties shall agree to confer regarding any such objection and, in the event that it is not resolved by consent, shall bring it to the attention of the Court for resolution. In any event, such Attorney's File shall continue to be subject to the restrictions of this Order.

21. Nothing in this Order shall (a) be deemed to limit or restrict in any manner a Party's right to use, or to authorize or consent to the use of, its own Restricted Information; (b) be deemed to limit or restrict in any manner a Party's rights, if any, to use any documents, materials, or information obtained independent of discovery in the above-captioned action, whether or not such documents, materials, or information are also obtained through discovery in

12

the above-captioned action; (c) preclude the Parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Restricted Information; (d) preclude any Party from filing a motion seeking greater, more limited or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure; or (e) preclude any Party from filing a motion with respect to the manner in which Restricted Information shall be treated at trial.

22. Should a Party to this Order receive a subpoena or other process to disclose Restricted Information, that Party shall promptly, and at least ten (10) business days prior to production of any Restricted Material, provide notice, in writing, and a copy of such subpoena or other process, to the Party that had produced the Restricted Material. The Party receiving the subpoena or other process shall defer compliance with the subpoena or other process if the producing Party has timely moved to quash or modify the subpoena or other process, until such time as there is a final order, and shall provide assistance in such effort to quash or modify the subpoena or other process. The Party receiving such subpoena or other process shall also advise the person or entity who has served the subpoena or other process of this Order.

23. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying on examination of Restricted Information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

**SO ORDERED** in Chambers in New York, New York, this ___ day of January, 2013.

The Honorable Shira A. Scheindlin
United States District Court Judge

13

Dated: January 25, 2013                    Respectfully submitted,

                                                 Michael M. Buchman
**POMERANTZ GROSSMAN HUFFORD**
    **DAHLSTROM & GROSS LLP**
600 Third Avenue
New York, New York  10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665

Edward Diver
Howard Langer
Peter Leckman
**LANGER, GROGAN & DIVER, P.C.**
1717 Arch Street, Suite 4130
Philadelphia, Pennsylvania  19103
Telephone:  (215) 320-5660
Facsimile:  (215) 320-5703

Kevin Costello
Gary Klein
**KLEIN KAVANAGH COSTELLO, LLP**
85 Merrimac Street, 4th Floor
Boston, Massachusetts  02114
Telephone:  (617) 357-5500
Facsimile:  (617) 357-5030

J. Douglas Richards
**COHEN, MILSTEIN, SELLERS &**
    **TOLL, PLLC**
88 Pine Street, 14th Floor
New York, New York  10005
Telephone:  (212) 838-7797
Facsimile:  (212) 838-7745

Robert LaRocca
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, Pennsylvania  19107
Telephone:  (215) 238-1700
Facsimile:  (215) 238-1968

Fred Isquith
Alex Schmidt
**WOLF HALDENSTEIN ADLER
     FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York  10016
Telephone:  (212) 545-4600
Facsimile:  (212) 545-4653

*Attorneys for Plaintiffs*

_____
Shepard Goldfein
James A. Keyte
Paul M. Eckles
Matthew M. Martino
**SKADDEN, ARPS, SLATE,
     MEAGHER & FLOM LLP**
Four Times Square
New York, New York  10036-6522
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
shepard.goldfein@skadden.com
james.keyte@skadden.com
paul.eckles@skadden.com
matthew.martino@skadden.com

*Attorneys for Defendants National Hockey League,
NHL Enterprises, L.P., NHL Interactive
Cyberenterprises, LLC, Chicago Blackhawk
Hockey Team, Inc., Comcast-Spectacor, L.P.,
Hockey Western New York LLC, Lemieux Group,
L.P., Lincoln Hockey LLC, New Jersey Devils LLC,
New York Islanders Hockey Club, L.P. and San
Jose Sharks, LLC*

_____
Stephen R. Neuwirth
Richard I. Werder, Jr.
Ben M. Harrington
**QUINN EMANUEL URQUHART &
     SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York  10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
stephenneuwirth@quinnemanuel.com
rickwerder@quinnemanuel.com
benharrington@quinnemanuel.com

*Attorneys for Defendants The Madison Square
Garden Company and New York Rangers Hockey
Club*

Fred Isquith
Alex Schmidt
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

*Attorneys for Plaintiffs*

/s/ Stephen R. Neuwirth

Stephen R. Neuwirth
Richard I. Werder, Jr.
Ben M. Harrington
**QUINN EMANUEL URQUHART &
  SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
stephenneuwirth@quinnemanuel.com
rickwerder@quinnemanuel.com
benharrington@quinnemanuel.com

*Attorneys for Defendants The Madison Square
Garden Company and New York Rangers Hockey
Club*

---

Shepard Goldfein
James A. Keyte
Paul M. Eckles
Matthew M. Martino
**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
shepard.goldfein@skadden.com
james.keyte@skadden.com
paul.eckles@skadden.com
matthew.martino@skadden.com

*Attorneys for Defendants National Hockey League,
NHL Enterprises, L.P., NHL Interactive
Cyberenterprises, LLC, Chicago Blackhawk
Hockey Team, Inc., Comcast-Spectacor, L.P.,
Hockey Western New York LLC, Lemieux Group,
L.P., Lincoln Hockey LLC, New Jersey Devils LLC,
New York Islanders Hockey Club, L.P. and San
Jose Sharks, LLC*

15

/s/ Louis A. Karasik

Louis A. Karasik
Drew E. Paris
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, California 90071-3004
Telephone: (213) 576-1148
Facsimile: (213) 576-1100
lou.karasik@alston.com
drew.paris@alston.com

*Attorneys for Defendants DIRECTV, LLC, DIRECTV Sports Networks, LLC, DIRECTV Sports Net Pittsburgh, LLC a/k/a Root Sports Pittsburgh, DIRECTV Sports Net Rocky Mountain, LLC a/k/a Root Sports Rocky Mountain, and DIRECTV Sports Net Northwest, LLC a/k/a Root Sports Northwest*

Arthur J. Burke
James W. Haldin
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
arthur.burke@davispolk.com
james.haldin@davispolk.com

*Attorneys for Defendants Comcast Corporation, Comcast SportsNet Philadelphia, L.P., Comcast SportsNet Mid-Atlantic L.P., Comcast SportsNet California, LLC, and Comcast SportsNet Chicago, LLC*

| | |
|---|---|
| _____ | /s/ Arthur J. Burke |
| Louis A. Karasik | Arthur J. Burke |
| Drew E. Paris | James W. Haldin |
| **ALSTON & BIRD LLP** | **DAVIS POLK & WARDWELL LLP** |
| 333 South Hope Street, 16th Floor | 450 Lexington Avenue |
| Los Angeles, California 90071-3004 | New York, New York 10017 |
| Telephone: (213) 576-1148 | Telephone: (212) 450-4000 |
| Facsimile: (213) 576-1100 | Facsimile: (212) 701-5800 |
| lou.karasik@alston.com | arthur.burke@davispolk.com |
| drew.paris@alston.com | james.haldin@davispolk.com |

*Attorneys for Defendants DIRECTV, LLC, DIRECTV Sports Networks, LLC, DIRECTV Sports Net Pittsburgh, LLC a/k/a Root Sports Pittsburgh, DIRECTV Sports Net Rocky Mountain, LLC a/k/a Root Sports Rocky Mountain, and DIRECTV Sports Net Northwest, LLC a/k/a Root Sports Northwest*

*Attorneys for Defendants Comcast Corporation, Comcast SportsNet Philadelphia, L.P., Comcast SportsNet Mid-Atlantic L.P., Comcast SportsNet California, LLC, and Comcast SportsNet Chicago, LLC*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOMAS LAUMANN, ROBERT SILVER, GARRETT TRAUB, and DAVID DILLON, representing themselves and all others similarly situated,<br><br>                             Plaintiffs,<br><br>           v.<br><br>NATIONAL HOCKEY LEAGUE et al.,<br><br>                             Defendants. | 12-cv-1817 (SAS) |

      I have read and understand the foregoing Stipulated Protective Order entered in the above-captioned action. I hereby undertake and agree to abide by the terms of the Stipulated Protective Order. I understand that unauthorized disclosure of documents or information governed by the Stipulated Protective Order would constitute a violation of the Stipulated Protective Order and constitute contempt of court. Solely for purposes of enforcement of the Stipulated Protective Order as part of this action, I hereby consent to the exercise of personal jurisdiction over me by the United States District Court for the Southern District of New York.

Dated: _____, 201\_         Agreed and accepted:

                                                   By: _____

                                                   Name (please print): _____

                                                   Position/Title: _____