# LANGER GROGAN & DIVER P.C.

HOWARD LANGER
JOHN J. GROGAN*
EDWARD A. DIVER
IRV ACKELSBERG
PETER LECKMAN†

JUDAH LABOVITZ
OF COUNSEL

EDWARD A. DIVER
DIRECT DIAL (215) 320-5663
ndiver@langergrogan.com

ATTORNEYS AT LAW
1717 ARCH STREET
SUITE 4130
PHILADELPHIA, PA 19103
PHONE: 215-320-5660
FAX: 215-320-5703

GEOFFREY C. HAZARD, JR.††
OF COUNSEL

2263 CALIFORNIA STREET
SAN FRANCISCO, CA 94115
415-292-6535
ghazard@langergrogan.com

*ALSO ADMITTED IN NEW JERSEY
†ALSO ADMITTED IN CALIFORNIA
††ADMITTED IN CALIFORNIA ONLY

January 1, 2014

**_Via Fax (212)805-7920_**

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, New York, NY 10007

> Re: *Laumann, et al. v. National Hockey League, et al.*, 12-cv-1817 (SAS)
> *Garber, et al. v. Office of the Commissioner of Baseball, et al.*, 12-cv-3704 (SAS)

Dear Judge Scheindlin:

We represent the Plaintiffs in these actions and are writing to request a brief extension to the current schedule so that certain discovery can be incorporated into the parties' initial expert reports and summary judgment motions. The expert reports are currently due on January 10, 2014. Plaintiffs request that the initial expert reports be due three days after the conclusion of the deposition of the owner of the Boston Red Sox, John Henry, which the District Court of Massachusetts recently ordered over Mr. Henry's objection. *See Garber, et al. v. Office of the Commissioner of Baseball*, No. 13-mc-91264-PBS, (D. Ma. December 20, 2013). The briefing schedule for summary judgment would be adjusted accordingly, but the time periods between events would remain as presently set.

This change will not cause a lengthy delay to the current schedule. Plaintiffs have proposed January 30 as the date of Mr. Henry's deposition (allowing time for the Red Sox to produce the required documents and a short time for Plaintiffs' counsel to review them), but, due to the holidays, have not yet received confirmation from Mr. Henry's counsel.

This is the first request to extend this deadline. The defendants in both matters do not oppose this request so long as the deposition of Mr. Henry takes place on January 30 or within a short, reasonable time thereafter. Plaintiffs are committed to moving forward as quickly as possible, but cannot provide a date certain until Mr. Henry's counsel is able to respond.

There is good cause for this extension. In addition to the reasons discussed above, although all parties acted in good faith, certain discovery was completed after the discovery deadline and limited discovery remains outstanding. This delay was primarily due to the need to accommodate lawyer and witness schedules. Because of this, the six weeks built into the existing schedule between the close of fact discovery and the service of the initial expert reports will effectively have been eliminated absent an extension.

Honorable Shira A. Scheindlin
January 1, 2014
Page 2

    Although discovery continued after November 29, Plaintiffs were hopeful that the current schedule could otherwise remain in place. Given the timing of the recent order from the District of Massachusetts, that is now impossible. In order to minimize the delay and yet give the parties and their experts time to consider this new evidence, Plaintiffs respectfully request that the Court enter the enclosed Proposed Revised Scheduling Order in the *Garber* and *Laumann* actions.

    Sincerely,

    Edward A. Diver

EAD/gg
cc: Counsel of record (via ECF)