## PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU, CHAOYANG DISTRICT
BEIJING 100020, PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7340

WRITER'S DIRECT FACSIMILE
(202) 204-7395

WRITER'S DIRECT E-MAIL ADDRESS
bwilkinson@paulweiss.com

January 21, 2015

By Facsimile (212) 805-7920

Hon. Shira A. Scheindlin
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Laumann v. National Hockey League*, 12 Civ. 1817 (SAS); *Garber v. Office of the Commissioner of Baseball*, 12-cv-3704 (SAS)

Dear Judge Scheindlin:

    We write on behalf of all Defendants to request the Court's guidance with respect to the combined class certification/*Daubert* hearing scheduled for February 10 and 11, 2015, and to respond to Plaintiffs' January 20 letter.

    Defendants understand that it is in everyone's interest for the Court to set forth a schedule for the upcoming hearing. Regardless of the number of witnesses each side offers, we respectfully submit that there should be relatively brief direct examinations and sufficient time for cross-examination and redirect focused on the issues in dispute regarding both class certification and *Daubert*. We agree with Plaintiffs that there should be an equal division of time between Plaintiffs and Defendants. We also agree with

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Shira A. Scheindlin						2

Plaintiffs that they bear the burden of proof on both class certification and *Daubert* and thus are entitled to call their witness first to address those issues.

Where we disagree is whether we are entitled to call both expert and fact witnesses who will address not only the important expert economic issues, but also the factual issues about how and why various agreements and business structures exist now and how the incentives and decisions of market participants would change in the Plaintiffs' alleged but-for-world ("BFW"). These facts will assist the Court in its determination whether Plaintiffs have proven by a preponderance of the evidence all of the requirements of Rule 23, including whether Plaintiffs have shown that fact of injury (or impact) and damages each are issues that can be determined on a common, classwide basis.

In their letter, Plaintiffs do not dispute that Defendants are entitled to present their expert witnesses, but seemingly object to the introduction of any fact testimony. Plaintiffs' opposition to fact witness testimony seems particularly unusual given that they argue in their papers that the Court should ignore the fact declarations of those same witnesses as "self-serving" (*e.g.*, Class Cert Reply at 19, 24).[1] Live fact witness

---

[1] With respect to Mr. Krolik of 21st Century Fox ("21CF"), Plaintiffs' assertion that his testimony should not be considered in connection with the motion for class certification because he is a surprise witness who only recently has been sprung on Plaintiffs is mistaken. From the very outset of both the *Garber* and *Laumann* cases, Plaintiffs alleged that the numerous separate RSNs owned and controlled by 21CF were "part of the conspiracy to divide the live video market." *Garber* Plaintiffs' Class Action Complaint ¶ 33 (Dkt. No. 1) (May 9, 2012); *Garber* Plaintiffs' Amended Class Action Complaint ¶ 35 (Dkt. No. 80) (Oct. 26, 2012); *Garber* Plaintiffs' Second Amended Class Action Complaint ¶ 36 (Dkt. No. 177) (Sept. 17, 2013); *Laumann* Class Action Complaint ¶ 30 (Dkt. No. 1) (March 12, 2012); *Laumann* Am. Class Action Complaint ¶ 31 (Dkt. No. 45) (May 2, 2012); *Laumann* Second Am. Class Action Complaint ¶ 33 (Dkt. No. 87) (Oct. 26, 2012). Moreover, as Plaintiffs' theory in these cases has always been premised upon the notion that local RSNs would contract for and distribute games in a radically different fashion in Plaintiffs' BFW, Plaintiffs cannot credibly suggest that it comes as a surprise to them that a witness from 21CF—the single largest owner of RSNs in the United States—has relevant information regarding Plaintiffs' allegations and economic theories. In fact, Plaintiffs specifically sought and obtained discovery from other Defendants regarding their negotiations and agreements with 21CF RSNs. Plaintiffs cannot hide behind a supposed lack of formal notice with respect to a third party that they clearly knew had relevant information from the day the complaints were filed. *See e.g.*, *Davis v. U.S. Bancorp*, No. Civ. 02-505, 2003 WL 21730102, at *2 (D. Minn. July 23, 2003), *aff'd* 383 F.3d 761, 765 (8th Cir. 2004) (denying motion to strike affidavit of newly-disclosed witness because plaintiff "was aware of [witness's employer's] role throughout the discovery period, but failed to conduct any third-party discovery of [the employer]"); *LaVigna v. State Farm Mut. Auto. Ins. Co.*, 736 F. Supp. 2d 504, 511 (N.D.N.Y. 2010) ("'Imposition of sanctions under Rule 37 is a drastic remedy and should only be applied

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Shira A. Scheindlin                                                                                          3

testimony will enable the Court to decide what weight to give this testimony and thus will assist the Court in making the factual determinations required as part of the Rule 23 inquiry.

      With respect to timing and format for the hearing, unless the Court desires opening statements from the parties, we believe it is more efficient to begin with witness testimony. We further suggest that direct examinations should not be nearly as lengthy as Plaintiffs suggest (*i.e.*, 2.5 hours for Dr. Noll's direct and rebuttal examination). Direct examination of Dr. Noll need not exceed 90 minutes. Defendants would be prepared to limit direct examination of their experts to no more than 45 minutes each. We also would expect to present streamlined direct examinations of three fact witnesses, none of which would exceed 30 minutes.[2] Accordingly, even if one assumes that cross-examinations are as long as directs in each instance (and redirects are appropriately targeted), the above proposal would give each side an equivalent total direct/cross/redirect time of approximately 5.75 hours.

      As to Plaintiffs' suggestion of closing arguments, we respectfully defer to the Court to let us know whether it would like argument or short proposed findings of fact and conclusions of law and, if so, the timing and format for the same.

Respectfully,

*[signature]*

Beth A. Wilkinson

cc:    All counsel (by email)

---

in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure.'") (quoting *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y. 1995)). Here, Plaintiffs' failure to date to pursue discovery from 21CF has been an intentional strategic decision, not the result of Plaintiffs' failure to understand that 21CF had relevant information or any action by Defendants to hide or conceal relevant discoverable information (indeed, the MLB Defendants did disclose in their Initial Disclosures that individuals associated with such "non-defendant networks . . . identified in the Amended Class Action Complaint" may have relevant information). For the same reasons, Plaintiffs' objection to the Court's consideration of Mr. Ben Jack's declaration is not well taken. On February 1, 2013 DIRECTV disclosed Mr. Jack, the Director of Sports Marketing, as a custodian of potentially relevant information and produced his responsive documents during fact discovery.

[2] Defendants propose to use PowerPoint presentations and charts to illustrate and streamline the testimony, assuming that is acceptable to the Court.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP