# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

THOMAS LAUMANN,
ROBERT SILVER, GARRETT TRAUB,
And DAVID DILLON, representing
themselves and all others similarly situated,

                   Plaintiffs

     v.

NATIONAL HOCKEY LEAGUE, *et al.*

       Defendants

CA No. 12-1817 (SAS)
ECF Case

## NOTICE OF DIRECTV DEFENDANTS' CERTIFICATION OF COMPLIANCE

The attached declaration of Julianne Lusain certifies the DIRECTV Defendants' compliance with the DIRECTV-specific obligations in the Notice Plan for the above-captioned action.

August 6, 2015

/s/ Louis A. Karasik
Louis A. Karasik
Andrew E. Paris
Stephanie A. Jones
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, California 90071-3004
(213) 576-1000

*Attorneys for Defendants DIRECTV, LLC,
DIRECTV Sports Networks, LLC, DIRECTV
Sports Net Pittsburgh, LLC a/k/a Root Sports
Pittsburgh, DIRECTV Sports Net Rocky
Mountain, LLC a/k/a Root Sports Rocky
Mountain, and DIRECTV Sports Net
Northwest, LLC a/k/a Root Sports Northwest*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS LAUMANN, FERNANDA GARBER, ROBERT SILVER, and PETER HERMAN, representing themselves and all others similarly situated, | **12 CIV 1817 (SAS)** |
| Plaintiffs, | |
| v. | |
| NATIONAL HOCKEY LEAGUE, NHL ENTERPRISES, L.P., NHL INTERACTIVE CYBERENTERPRISES, LLC, NEW YORK RANGERS HOCKEY CLUB, NEW JERSEY DEVILS LLC, NEW YORK ISLANDERS HOCKEY CLUB, L.P., COMCAST SPECTACOR, L.P., LINCOLN HOCKEY, LLC, LEMIEUX GROUP, L.P., HOCKEY WESTERN NEW YORK, LLC, CHICAGO BLACKHAWKS HOCKEY TEAM, INC., SAN JOSE SHARKS, LLC, DIRECTV, LLC, DIRECTV SPORTS NETWORKS, LLC, ROOT SPORTS PITTSBURGH, COMCAST CORP., COMCAST SPORTSNET PHILLY, L.P., COMCAST SPORTSNET MID-ATLANTIC, L.P., COMCAST SPORTSNET BAY AREA, L.P., COMCAST SPORTSNET CHICAGO, L.P., and MADISON SQUARE GARDEN COMPANY, | |
| Defendants. | |

## DECLARATION OF JULIANNE LUSAIN CERTIFYING DIRECTV'S COMPLIANCE

## WITH SETTLEMENT NOTICE REQUIREMENTS

I, Julianne Lusain, declare and state as follows:

1.    I am a manager responsible for Project Management in the Customer Care department, at DIRECTV, LLC ("DIRECTV"). I have been employed by DIRECTV for 10 years. My responsibilities include managing all Customer Care-related aspects of assigned projects that impact Customer Care Agents. I have personal knowledge of all facts stated herein except those stated on information and belief, and would competently testify thereto if called as a witness in this matter.

2.    I managed the settlement notice process for the *Laumann* settlement for DIRECTV. The purpose of the project was to provide class members the notice required under the Settlement Agreement by email and mail. To accomplish this, I assembled a team that included DIRECTV employees in Business Intelligence, Creative Services, Marketing, Customer Care, Risk Management, and Legal. In June and part of July 2015, we met weekly by telephone. We were assisted by our outside counsel. During these meetings (which I led) we discussed each team member's progress and ensured that we were on track to meet the requirements of the Settlement Agreement.

3.    The Business Intelligence members of my project team identified the class members by examining DIRECTV's subscriber records. They extracted mailing and email addresses for the class members.

4.    **Email Notice.**  We engaged an outside email vendor to assist with providing notice to those subscribers for whom we had email addresses. We provided the vendor the file of customer names and email addresses Business Intelligence had produced. The vendor generated drafts of the customer email for DIRECTV's review, which our project team approved. An exemplar of the email is attached hereto as Exhibit 1. I am informed and believe that this notice is substantially the same as that set forth in the Settlement Agreement as Exhibit C, with non-substantive changes to the table of contents. On June 30, 2015, the vendor emailed notice to these subscribers in accordance

1

with the Settlement Agreement procedures. Approximately 11,000 emails bounced back as undeliverable. DIRECTV provided these subscribers notice by U.S. mail as described in the next paragraph.

5. **U.S. Mail Notice.** We engaged a different outside vendor to assist DIRECTV in providing notice to subscribers for whom we did not have email addresses. Business Intelligence provided this vendor a file containing the names and postal addresses of the subscribers who were to receive mailed notice. This file was supplemented with the names and addresses of the subscribers whose email notice had bounced back. The vendor reported to DIRECTV that it verified the addresses for all subscribers with the National Change of Address database before mailing. An exemplar of the mailed notice is attached as Exhibit 2. I am informed and believe that the mailed notice is substantially identical to Settlement Agreement, Exhibit C, with non-substantive changes to the table of contents to correct pagination. The vendor mailed the notice United States postage first class on July 9, 2015.

6. I am informed and believe that the Settlement Claims Administrator from Keffler Group arranged for publication notice to be provided to the class, though I was not personally involved in that process.

7. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on $\cancel{8}$ /5/15 , at El Segundo, California.

Julianne Lusain

EXHIBIT 1

| | |
|---|---|
| **From:** | DIRECTV <directv@cm.directv.com> |
| **Sent:** | Friday, June 26, 2015 12:11 PM |
| **To:** | |
| **Subject:** | (TEST-HTML) [NHL Settlement No Header] NHL Center Ice Class Action Settlement Notice |

Account Number:                                                      View in a browser

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

### NOTICE TO PERSONS WHO PURCHASED GAME CENTER LIVE FROM THE NHL OR PURCHASED NHL CENTER ICE FROM COMCAST OR DIRECTV

### You Have an Opportunity to Subscribe to Discounted Individual Team Packages through NHL GameCenter LIVE and You May Have Access to Free NHL Center Ice Programming through Comcast or DIRECTV

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A proposed settlement (the "Settlement") has been reached in a class action lawsuit brought on behalf of consumers who purchased NHL GameCenter LIVE from the NHL or purchased NHL Center Ice from Comcast or DIRECTV between March 12, 2008, and June 10, 2015. The proposed settlement is between the individuals who brought that lawsuit and the defendants. The defendants are the National Hockey League ("NHL"), NHL Enterprises L.P., NHL Interactive Cyberenterprises LLC, New York Rangers Hockey Club, New Jersey Devils LLC, New York Islanders Hockey Club L.P., Comcast-Spectacor L.P., Lincoln Hockey LLC, Lemieux Group, L.P., Hockey Western New York LLC, Chicago Blackhawks Hockey Team Inc., San Jose Sharks LLC, DIRECTV, LLC, DIRECTV Sports Networks LLC, DIRECTV Sports Net Pittsburgh, LLC d/b/a Root Sports Pittsburgh, Comcast Corp., Comcast Sportsnet Philadelphia, L.P, Comcast Sportsnet Mid-Atlantic, L.P., Comcast Sportsnet California, LLC, Comcast Sportsnet Chicago, LLC, and The Madison Square Garden Company ("Defendants"). The lawsuit alleges that the NHL's rules establishing the local broadcast territories and associated blackouts violated federal antitrust laws. If you purchased NHL GameCenter LIVE or NHL Center Ice from Comcast or DIRECTV between March 12, 2008 and June 10, 2015, **your legal rights are affected whether you act or do not act. Please read this notice carefully.**

- The lawsuit alleges that the territorial allocation of broadcast rights within the NHL assigned to each of its member clubs and thereafter sold to regional sporting networks violated federal antitrust laws, provides out of market consumers with fewer choices, and inflates prices charged to view broadcasts of live professional hockey games. Defendants dispute Plaintiffs' factual and legal claims and deny any wrongdoing and liability, as well as any adverse effect on consumer choices and that prices charged have been inflated. The parties have concluded that it is in their best interests to settle the litigation to avoid the expense, inconvenience, and uncertainty of litigation.

- In May 2015, the Court granted in part and denied in part Plaintiffs' motion for class certification. The court held that the individuals who filed this suit could represent a class for the purposes of seeking injunctive relief, but not damages.

- Under the Settlement and subject to the NHL's continued delineation of its clubs' local broadcast territorial rights, and associated blackout practices, the NHL has agreed to provide seasonal packages of single team's out-of-market games through NHL GameCenter LIVE for each and every NHL Club (e.g., a stream of just the Chicago Blackhawks' out-of-market games). These individual team bundles will be priced at 20% below the cost of the full GameCenter LIVE package. The NHL has also agreed to make this option available to Comcast and DIRECTV so that they may offer unbundled seasonal packages of single team games for each and every NHL Club available through NHL Center Ice, although Comcast and DIRECTV are not obligated to offer such packages.

- The NHL has also agreed to provide a 17.25% discount to the retail prices for the early bird, renewal, and full-season packages of GameCenter LIVE for the 2015-2016 season. This discount will also apply to any unbundled single team package, meaning that the price for a single team package will be discounted by 17.25% thereby maintaining the 20% discount set forth above.

- Comcast and DIRECTV have further agreed to provide the first three weeks of the 2015-2016 and 2016-2017 Center Ice seasons for free, comprising a 12.5% discount off of the price of a full-season Center Ice package for those customers who subscribe to Center Ice, provided that Comcast and DIRECTV each respectively carries Center Ice for the applicable season.

- The Court in charge of this case still needs to decide whether or not to approve the Settlement. If the Court approves the Settlement, and after any appeals are resolved, the benefits will be provided automatically to class members.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Automatic Benefits | You do NOT need to submit a claim form to obtain these benefits. They will be provided automatically. |
| Exclude Yourself by August 21 | You may exclude yourself from the Settlement in the case and retain your rights to commence a lawsuit against Defendants for damages caused by the conduct challenged in this case. Because the Court certified an injunctive class only and Defendants have agreed to change the ways in which the packages are sold to all consumers as part of this Settlement, you cannot opt out of the injunctive claims. |
| Object by August 21 | Submit a written statement to the Court about why you don't like the Settlement. If you submit an objection, you may also ask to be heard by the Court at the final Fairness Hearing. |
| Go to Fairness Hearing | You may attend the fairness hearing on August 31, 2015, whether or not you object or intend to speak. |
| Do Nothing | You will receive the full benefits of the Settlement, and will give up your rights to initiate any lawsuit against Defendants regarding the NHL's territorial broadcast limitations on its clubs and related blackout practices, including a |

| | lawsuit for alternative or additional relief to that provided here. |

**\*\*These rights and options — and the deadlines to exercise them — are explained in
this notice. \*\***

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**
1. Why is this Notice being provided?
2. What is this lawsuit about?
3. Why is this a Class Action?
4. Why is there a settlement?

**WHO IS IN INCLUDED IN THE SETTLEMENT**
5. How do I know if I am part of the Settlement?
6. Are there exceptions to being included in the Settlement?

**THE SETTLEMENT – WHAT YOU GET AND GIVE UP IF YOU QUALIFY**
7. What does the Settlement provide?
8. What do I give up if the Settlement is given final approval?

**EXCLUDING YOURSELF FROM THE DAMAGES RELEASE**
9. If I do not exclude myself, can I sue later?
10. How do I exclude myself from the Settlement?
11. How can I tell the Court that I object to the Settlement?
12. What happens if I object and the Settlement is approved?
13. What is the difference between objecting and asking to be excluded?

**THE LAWYERS WHO REPRESENT YOU**
14. Do I have a lawyer in the case?
15. How will the lawyers in the case be paid?

**THE COURT'S FAIRNESS HEARING**
16. How will the Court decide whether to approve the Settlement?
17. When and where will the Court decide whether to approve the Settlement?
18. Do I need to come to the hearing?
19. May I speak at the hearing?

**OTHER INFORMATION**
20. How do I get more information?

# BASIC INFORMATION

## 1. Why is this Notice being provided?

Judge Shira Scheindlin of the United States District Court for the Southern District of New York authorized this notice to inform you about a proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to approve the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

The case is known as *Laumann v. National Hockey League, et al.*, Case No. 12-cv-1817, which was filed in 2012. The people who sue are called "Plaintiffs." The companies being sued are collectively called the "Defendants."

This notice summarizes the Settlement, but you can view the complete

## 2. What is this lawsuit about?

Plaintiffs allege that Defendants violated federal law by agreeing to allocate the country into exclusive territories in which certain teams would have the exclusive right to broadcast hockey games. Plaintiffs claim that this caused inflated prices for live hockey broadcasts and limited consumer options for viewing NHL hockey broadcasts. Defendants deny Plaintiffs' allegations, deny any wrongdoing, and contend that the challenged rules increased the quality and availability of NHL hockey programming, and increased consumer choice at reasonable prices, as well as providing other benefits.

## 3. Why is this a Class Action?

In a class action, one or more people sue on behalf of other people who have similar claims. If allowed by a court, all of these other people become part of a "class" or "Class Members." One lawsuit resolves the claims of all Class Members, except for any who exclude themselves from the class. In this case, the Court held that the individuals who filed this suit could represent a class for the purposes of seeking practice changes and a declaration that Defendants' conduct is illegal, but could not pursue damages claims on behalf of the class.

## 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to settle this case to avoid the burden, cost and risk of further litigation. The Settlement does not mean that any law was broken or that Defendants did anything wrong. By settling, Defendants are not admitting any wrongdoing or liability. Defendants continue to deny all factual and legal claims in this case. Plaintiffs and their lawyers think the Settlement is best for all Class Members.

# WHO IS INCLUDED IN THE SETTLEMENT

## 5. How do I know if I am part of the Settlement?

The Settlement includes all purchasers of NHL GameCenter LIVE and individuals who purchased NHL Center Ice through either Comcast or DIRECTV between March 12, 2008 and June 10, 2015. The class is defined as follows:

> All individuals in the United States who purchased television service from DIRECTV and/or Comcast, or their subsidiaries, which included NHL Center Ice, and/or who purchased NHL GameCenter LIVE from the National Hockey League or its subsidiaries or affiliates.

## 6. Are there exceptions to being included in the Settlement?

Yes. The following are not included in the Settlement:

- Officers, directors, or employees of any of the Defendants or any entity in which any of the Defendants have a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of any of the Defendants; and

- Judge Shira Scheindlin and members of her judicial staff of the

United States District Court for the Southern District of New York, and members of their immediate families.

# THE SETTLEMENT — WHAT YOU GET AND GIVE UP IF YOU QUALIFY

## 7. What does the Settlement provide?

- Subject to teams' local broadcast territories and related blackout practices, individual team Internet season packages for each and every NHL team will be offered by the NHL priced at 20% below the NHL GameCenter LIVE Package price. These individual Internet packages will be offered for the next 5 seasons after which the NHL will no longer be obligated to offer unbundled Individual Team packages.

- The NHL will allow Comcast and DIRECTV the opportunity to offer similar packages.

- For the 2015-2016 season, all GameCenter LIVE subscribers will be entitled to a discount of 17.25% off the 2014-2015 retail prices for the early bird, renewal, and full season packages of GameCenter LIVE. This discount will also apply to any unbundled single team package, meaning that the 17.25% discount will maintain the 20% discount. For example, next season, a fan will be able to purchase an individual team's out-of-market games for an early bird price of $106 instead of the current cost of $159 for GameCenter LIVE, and will be able to purchase the full GameCenter LIVE package at an early bird price of $132.

- Comcast and DIRECTV have agreed to provide the first 3 weeks of the 2015-2016 and 2016-2017 Center Ice seasons for free to all of their residential subscribers (for DIRECTV) and interactive digital subscribers (for Comcast), comprising a 12.5% discount off of the price of a full-season Center Ice package for those consumers who subscribe to Center Ice, provided that Comcast and DIRECTV each respectively carries Center Ice for the applicable season.

## 8. What do I give up if the Settlement is given Final Approval?

If the Settlement is given Final Approval, you and all other Class Members will release certain claims defined in the Settlement as "Released Claims." In general terms, Class Members who do not validly request to be excluded from the Settlement will release all Defendants from any claims that have been or could have been asserted based upon the facts alleged in the complaint, including claims for money damages. In addition, for the next five years you will release any claims based on the conduct permitted by the Settlement. If the Settlement is given Final Approval, the claims that were asserted against Defendants in the lawsuit will be dismissed with prejudice.

# EXCLUDING YOURSELF FROM THE DAMAGES RELEASE

If you want to keep any right to seek monetary damages from Defendants for the dispute in this case, then you must take steps to exclude yourself from that portion of the Settlement. Because Defendants have agreed to change the ways in which the packages are sold to all consumers, excluding yourself only would allow you to pursue monetary claims. You will not be able to pursue additional injunctive relief.

No. Unless you exclude yourself from the damages release, you give up the right to sue Defendants for any claims that this Settlement resolves.

To exclude yourself from the damages release, you must either do so by following the instructions at the Settlement website, www.NHLbroadcastingsettlement.com, or by sending a letter by mail clearly stating that you want to be excluded from the Settlement in *Laumann v. National Hockey League, et al.*, Case No. 12-cv-1817. Include your name, address, telephone number, signature, and date, and mail your request for exclusion to:

> *Laumann v. National Hockey League*
> c/o Heffler Claims Group
> Po Box 58547
> Philadelphia, PA 19102-8547

All requests must be completed or postmarked by August 21, 2015.

If you do not follow these procedures, you will lose any opportunity to exclude yourself from the Settlement for all claims, including claims for past damages.

You can object to the Settlement if you do not like some part or all of it. You must give reasons why you think the Court should not approve the Settlement. You may also object to Plaintiffs' Counsel's request for attorneys' fees, reimbursement of expenses, and Plaintiff incentive awards. To object, you must file your objection with the Court no later than August 21, 2015, and mail your objection to these five addresses postmarked no later than August 21, 2015.

| PLAINTIFFS' COUNSEL | COUNSEL FOR DEFENDANTS |
|---|---|
| Edward Diver<br>Howard I. Langer<br>Peter Leckman<br>LANGER, GROGAN & DIVER, P.C.<br>1717 Arch Street, Suite 4130<br>Philadelphia, PA 19103 | Shepard Goldfein, Esq.<br>James A. Keyte, Esq.<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>Four Times Square<br>New York, New York 10036<br><br>Arthur J. Burke, Esq.<br>David B. Toscano<br>James W. Haldin, Esq.<br>DAVIS POLK & WARDWELL<br>450 Lexington Avenue<br>New York, New York 10017<br><br>Louis A. Karasik, Esq.<br>Andrew E. Paris, Esq.<br>Stephanie A. Jones, Esq.<br>ALSTON & BIRD LLP<br>333 South Hope Street, 16th Floor<br>Los Angeles, California 90071<br><br>Stephen R. Neuwirth, Esq.<br>Deborah Brown, Esq.<br>QUINN EMANUEL URQUHART & |

SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

## 12. What happens if I object and the Settlement is approved?

If the Settlement is finally approved, you will remain a Class Member regardless of whether you objected. You will remain bound by the terms of the Settlement and will not be able to sue Defendants about the claims in this case.

## 13. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the relevant part of the Settlement. Excluding yourself is telling the Court that you do not want to be part of that aspect the Settlement. If you exclude yourself for purposes of pursuing past damages claims, you cannot object to the release of damages claims, because that aspect of the Settlement no longer affects you. You may object to the provisions providing for changes in the Defendants' practices whether or not you exclude yourself from the settlement.

# THE LAWYERS WHO REPRESENT YOU

## 14. Do I have a lawyer in this case?

The Court appointed Langer Grogan & Diver, P.C. to represent the class. This firm, together with other law firms that have assisted them, are called "Plaintiffs' Counsel." You will not be charged for these lawyers, because their fees will be paid separately by Defendants if the court approves the fees. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

## 15. How will the lawyers in the case be paid?

Plaintiffs' Counsel will ask the Court to award attorneys' fees and reimbursement of the expenses they had in this case. Plaintiffs' Counsel's application for attorneys' fees and expenses will be filed with the Court by August 10, 2015, and posted on the Settlement website. Plaintiffs' Counsel will request $6,500,000 in fees and costs, which is based on the hourly fees they have incurred over the last 4 years and the litigation expenses they have incurred over this time.

Plaintiffs' Counsel will also ask for incentive awards of up to $10,000 for each named Plaintiff for their services on behalf of the class.

The fees, costs, and incentive awards will be paid by certain Defendants.

# THE COURT'S FAIRNESS HEARING

## 16. How will the Court decide whether to approve the Settlement?

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider Plaintiffs' Counsel's request for attorneys' fees and expenses and Plaintiff

incentive awards. If there are objections, the Court will consider them. If you do not file a written objection, you will not be permitted to speak at the Fairness hearing. After the Fairness Hearing, the Court will decide whether to approve the Settlement and how much to award for fees, expenses and incentive awards.

**17. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Fairness Hearing on August 31, at 2:30 p.m., at the United States Courthouse, 500 Pearl Street, New York, New York 10007-1312. A motion for final approval of the Settlement will be filed by Plaintiffs' Counsel by August 10, 2015. The motion will also be posted on the Settlement website.

The Fairness Hearing may be moved to a different date or time without additional notice, so it is recommended that you periodically check www.NHLbroadcastingsettlement.com for updated information. Members of the Class who support the Settlement do not need to appear at the hearing or take any other action to indicate their approval of the Settlement. Members of the Class who object to the Settlement are not required to attend the Fairness Hearing.

**18. Do I need to come to the hearing?**

No. Plaintiffs' Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You also may pay your own lawyer to attend the Fairness Hearing, but his or her attendance is not necessary.

**19. May I speak at the hearing?**

You may speak at the Fairness Hearing if you submitted an objection as described in the answer to Question 11 and stated in your objection that you wish to be heard at the Fairness Hearing. You must file your objection by August 21, 2015 or you will not be heard.

If you choose to appear in person at the Fairness Hearing, you can appear yourself or by retaining an attorney at your own expense to appear on your behalf. If the attorney is appearing on behalf of more than one Class Member, he or she must identify each of those Class Members.

## OTHER INFORMATION

**20. How do I get more information?**

This notice summarizes the Settlement. More details are in the Settlement Agreement available at www.NHLbroadcastingsettlement.com. If you still have questions, call the Settlement Administrator at 1-800-481-7948, contact them via the settlement website, or write to *Laumann v. National Hockey League*; c/o Heffler Claims Group; Po Box 58547; Philadelphia, PA 19102-8547.

**Please do not contact Defendants, their counsel, the Court or the Clerk's office.**

YOUR EMAIL SUBSCRIPTION

8

This email was sent to andrew.athanasiou@experian.com. DIRECTV reserves the right to contact you via email regarding your account. For details on how DIRECTV uses your information, please read our Privacy Policy.

To receive special offer emails from DIRECTV or change your email address, manage your email here.

To ensure delivery, add directv@directv.com & directv@cm.directv.com to your address book.

QUESTIONS OR COMMENTS?
Replies to this email address cannot be answered. For questions/concerns, email DIRECTV Customer Care here.

©2015 DIRECTV. DIRECTV and the Cyclone Design logo are trademarks of DIRECTV, LLC. All other trademarks and service marks are the property of their respective owners.

EXHIBIT 2



**DIRECTV.**

P.O. Box 92600
Los Angeles, CA 90009



PRST STD
U.S. POSTAGE
**PAID**
PBPS

# DIRECTV Legal Notice of
# Class Action Settlement

# NOTICE TO PERSONS WHO PURCHASED GAME CENTER LIVE FROM THE NHL OR PURCHASED NHL CENTER ICE FROM COMCAST OR DIRECTV

## You Have an Opportunity to Subscribe to Discounted Individual Team Packages through NHL GameCenter LIVE and You May Have Access to Free NHL Center Ice Programming through Comcast or DIRECTV

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A proposed settlement (the "Settlement") has been reached in a class action lawsuit brought on behalf of consumers who purchased NHL GameCenter LIVE from the NHL or purchased NHL Center Ice from Comcast or DIRECTV between March 12, 2008, and June 10, 2015. The proposed settlement is between the individuals who brought that lawsuit and the defendants. The defendants are the National Hockey League ("NHL"), NHL Enterprises L.P., NHL Interactive Cyberenterprises LLC, New York Rangers Hockey Club, New Jersey Devils LLC, New York Islanders Hockey Club L.P., Comcast-Spectacor L.P., Lincoln Hockey LLC, Lemieux Group, L.P., Hockey Western New York LLC, Chicago Blackhawks Hockey Team Inc., San Jose Sharks LLC, DIRECTV, LLC, DIRECTV Sports Networks LLC, DIRECTV Sports Net Pittsburgh, LLC d/b/a Root Sports Pittsburgh, Comcast Corp., Comcast Sportsnet Philadelphia, L.P, Comcast Sportsnet Mid-Atlantic, L.P., Comcast Sportsnet California, LLC, Comcast Sportsnet Chicago, LLC, and The Madison Square Garden Company ("Defendants"). The lawsuit alleges that the NHL's rules establishing the local broadcast territories and associated blackouts violated federal antitrust laws. If you purchased NHL GameCenter LIVE or NHL Center Ice from Comcast or DIRECTV between March 12, 2008 and June 10, 2015, **your legal rights are affected whether you act or do not act. Please read this notice carefully.**

- The lawsuit alleges that the territorial allocation of broadcast rights within the NHL assigned to each of its member clubs and thereafter sold to regional sporting networks violated federal antitrust laws, provides out of market consumers with fewer choices, and inflates prices charged to view broadcasts of live professional hockey games. Defendants dispute Plaintiffs' factual and legal claims and deny any wrongdoing and liability, as well as any adverse effect on consumer choices and that prices charged have been inflated. The parties have concluded that it is in their best interests to settle the litigation to avoid the expense, inconvenience, and uncertainty of litigation.

- In May 2015, the Court granted in part and denied in part Plaintiffs' motion for class certification. The court held that the individuals who filed this suit could represent a class for the purposes of seeking injunctive relief, but not damages.

- Under the Settlement and subject to the NHL's continued delineation of its clubs' local broadcast territorial rights, and associated blackout practices, the NHL has agreed to provide seasonal packages of single team's out-of-market games through NHL GameCenter LIVE for each and every NHL Club (*e.g.*, a stream of just the Chicago Blackhawks' out-of-market games). These individual team bundles will be priced at 20% below the cost of the full

GameCenter LIVE package. The NHL has also agreed to make this option available to Comcast and DIRECTV so that they may offer unbundled seasonal packages of single team games for each and every NHL Club available through NHL Center Ice, although Comcast and DIRECTV are not obligated to offer such packages.

- The NHL has also agreed to provide a 17.25% discount to the retail prices for the early bird, renewal, and full-season packages of GameCenter LIVE for the 2015-2016 season. This discount will also apply to any unbundled single team package, meaning that the price for a single team package will be discounted by 17.25% thereby maintaining the 20% discount set forth above.

- Comcast and DIRECTV have further agreed to provide the first three weeks of the 2015-2016 and 2016-2017 Center Ice seasons for free, comprising a 12.5% discount off of the price of a full-season Center Ice package for those customers who subscribe to Center Ice, provided that Comcast and DIRECTV each respectively carries Center Ice for the applicable season.

- The Court in charge of this case still needs to decide whether or not to approve the Settlement. If the Court approves the Settlement, and after any appeals are resolved, the benefits will be provided automatically to class members.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Automatic Benefits** | You do NOT need to submit a claim form to obtain these benefits. They will be provided automatically. |
| **Exclude Yourself by August 21** | You may exclude yourself from the Settlement in the case and retain your rights to commence a lawsuit against Defendants for damages caused by the conduct challenged in this case. Because the Court certified an injunctive class only and Defendants have agreed to change the ways in which the packages are sold to all consumers as part of this Settlement, you cannot opt out of the injunctive claims. |
| **Object by August 21** | Submit a written statement to the Court about why you don't like the Settlement. If you submit an objection, you may also ask to be heard by the Court at the final Fairness Hearing. |
| **Go to Fairness Hearing** | You may attend the fairness hearing on August 31, 2015, whether or not you object or intend to speak. |
| **Do Nothing** | You will receive the full benefits of the Settlement, and will give up your rights to initiate any lawsuit against Defendants regarding the NHL's territorial broadcast limitations on its clubs and related blackout practices, including a lawsuit for alternative or additional relief to that provided here. |

**\*\*These rights and options – and the deadlines to exercise them – are explained in this notice. \*\***

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**............................................................................................................ . 4
  1. Why is this Notice being provided?

  2. What is this lawsuit about?

  3. Why is this a Class Action?

  4. Why is there a settlement?

**WHO IS IN INCLUDED IN THE SETTLEMENT**................................................................................ . 5
  5. How do I know if I am part of the Settlement?

  6. Are there exceptions to being included in the Settlement?

**THE SETTLEMENT – WHAT YOU GET IF YOU QUALIFY**............................................................... .. 5
  7. What does the Settlement provide?

  8. What am I giving up if the Settlement is given final approval?

**EXCLUDING YOURSELF FROM THE DAMAGES RELEASE** ............................................................6
  9. If I exclude myself, can I get anything from the Settlement?

  10.  If I do not exclude myself, can I sue later?

  11.  How do I exclude myself from the damages release?

  12.  How can I tell the Court I don't like the Settlement?

  13.  What is the difference between objecting and asking to be excluded?

**THE LAWYERS WHO REPRESENT YOU** ....................................................................................8
  14.  Do I have a lawyer in the case?

  15.  How will the lawyers in the case be paid?

**THE FAIRNESS HEARING** ......................................................................................................8
  16.  How will the Court decide whether to approve the Settlement?

  17.  When and where will the Court decide whether to approve the Settlement?

  18.  Do I need to come to the hearing?

  19.  May I speak at the hearing?

**OTHER INFORMATION** .........................................................................................................9
  20.  What happens if I do nothing?

  21.  How do I get more information?

# BASIC INFORMATION

## 1. Why is this Notice being provided?

Judge Shira Scheindlin of the United States District Court for the Southern District of New York authorized this notice to inform you about a proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to approve the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

The case is known as *Laumann v. National Hockey League, et al.*, Case No. 12-cv-1817, which was filed in 2012. The people who sue are called "Plaintiffs." The companies being sued are collectively called the "Defendants."

This notice summarizes the Settlement, but you can view the complete Settlement Agreement at www.NHLbroadcastingsettlement.com.

## 2. What is this lawsuit about?

Plaintiffs allege that Defendants violated federal law by agreeing to allocate the country into exclusive territories in which certain teams would have the exclusive right to broadcast hockey games. Plaintiffs claim that this caused inflated prices for live hockey broadcasts and limited consumer options for viewing NHL hockey broadcasts. Defendants deny Plaintiffs' allegations, deny any wrongdoing, and contend that the challenged rules increased the quality and availability of NHL hockey programming, and increased consumer choice at reasonable prices, as well as providing other benefits.

## 3. Why is this a Class Action?

In a class action, one or more people sue on behalf of other people who have similar claims. If allowed by a court, all of these other people become part of a "class" or "Class Members." One lawsuit resolves the claims of all Class Members, except for any who exclude themselves from the class. In this case, the Court held that the individuals who filed this suit could represent a class for the purposes of seeking practice changes and a declaration that Defendants' conduct is illegal, but could not pursue damages claims on behalf of the class.

## 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to settle this case to avoid the burden, cost and risk of further litigation. The Settlement does not mean that any law was broken or that Defendants did anything wrong. By settling, Defendants are not admitting any wrongdoing or liability. Defendants continue to deny all factual and legal claims in this case. Plaintiffs and their lawyers think the Settlement is best for all Class Members.

# WHO IS INCLUDED IN THE SETTLEMENT

The Settlement includes all purchasers of NHL GameCenter LIVE and individuals who purchased NHL Center Ice through either Comcast or DIRECTV between March 12, 2008 and June 10, 2015. The class is defined as follows:

> All individuals in the United States who purchased television service from DIRECTV and/or Comcast, or their subsidiaries, which included NHL Center Ice, and/or who purchased NHL GameCenter LIVE from the National Hockey League or its subsidiaries or affiliates.

Yes. The following are not included in the Settlement:

- Officers, directors, or employees of any of the Defendants or any entity in which any of the Defendants have a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of any of the Defendants; and

- Judge Shira Scheindlin and members of her judicial staff of the United States District Court for the Southern District of New York, and members of their immediate families.

## THE SETTLEMENT – WHAT YOU GET AND GIVE UP IF YOU QUALIFY

- Subject to teams' local broadcast territories and related blackout practices, individual team Internet season packages for each and every NHL team will be offered by the NHL priced at 20% below the NHL GameCenter LIVE Package price. These individual Internet packages will be offered for the next 5 seasons after which the NHL will no longer be obligated to offer unbundled Individual Team packages.

- The NHL will allow Comcast and DIRECTV the opportunity to offer similar packages.

- For the 2015-2016 season, all GameCenter LIVE subscribers will be entitled to a discount of 17.25% off the 2014-2015 retail prices for the early bird, renewal, and full season packages of GameCenter LIVE. This discount will also apply to any unbundled single team package, meaning that the 17.25% discount will maintain the 20% discount. For example, next season, a fan will be able to purchase an individual team's out-of-market games for an early bird price of $106 instead of the current cost of $159 for GameCenter LIVE, and will be able to purchase the full GameCenter LIVE package at an early bird price of $132.

- Comcast and DIRECTV have agreed to provide the first 3 weeks of the 2015-2016 and 2016-2017 Center Ice seasons for free to all of their residential subscribers (for DIRECTV) and

interactive digital subscribers (for Comcast), comprising a 12.5% discount off of the price of a full-season Center Ice package for those consumers who subscribe to Center Ice, provided that Comcast and DIRECTV each respectively carries Center Ice for the applicable season.

## 8. What do I give up if the Settlement is given Final Approval?

If the Settlement is given Final Approval, you and all other Class Members will release certain claims defined in the Settlement as "Released Claims." In general terms, Class Members who do not validly request to be excluded from the Settlement will release all Defendants from any claims that have been or could have been asserted based upon the facts alleged in the complaint, including claims for money damages. In addition, for the next five years you will release any claims based on the conduct permitted by the Settlement. If the Settlement is given Final Approval, the claims that were asserted against Defendants in the lawsuit will be dismissed with prejudice.

## EXCLUDING YOURSELF FROM THE DAMAGES RELEASE

If you want to keep any right to seek monetary damages from Defendants for the dispute in this case, then you must take steps to exclude yourself from that portion of the Settlement. Because Defendants have agreed to change the ways in which the packages are sold to all consumers, excluding yourself only would allow you to pursue monetary claims. You will not be able to pursue additional injunctive relief.

## 9. If I do not exclude myself, can I sue later?

No. Unless you exclude yourself from the damages release, you give up the right to sue Defendants for any claims that this Settlement resolves.

## 10. How do I exclude myself from the Settlement?

To exclude yourself from the damages release, you must either do so by following the instructions at the Settlement website, www.NHLbroadcastingsettlement.com, or by sending a letter by mail clearly stating that you want to be excluded from the Settlement in *Laumann v. National Hockey League, et al.*, Case No. 12-cv-1817. Include your name, address, telephone number, signature, and date, and mail your request for exclusion to:

> *Laumann v. National Hockey League*
> c/o Heffler Claims Group
> Po Box 58547
> Philadelphia, PA 19102-8547

All requests must be completed or postmarked by August 21, 2015.

If you do not follow these procedures, you will lose any opportunity to exclude yourself from the Settlement for all claims, including claims for past damages.

## 11. How can I tell the Court that I object to the Settlement?

You can object to the Settlement if you do not like some part or all of it. You must give reasons why you think the Court should not approve the Settlement. You may also object to Plaintiffs' Counsel's request for attorneys' fees, reimbursement of expenses, and Plaintiff incentive awards. To object, you must file your objection with the Court no later than August 21, 2015, and mail your objection to these five addresses postmarked no later than August 21, 2015.

| PLAINTIFFS' COUNSEL | COUNSEL FOR DEFENDANTS |
|---|---|
| Edward Diver<br>Howard I. Langer<br>Peter Leckman<br>LANGER, GROGAN & DIVER, P.C.<br>1717 Arch Street, Suite 4130<br>Philadelphia, PA 19103 | Shepard Goldfein, Esq.<br>James A. Keyte, Esq.<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>Four Times Square<br>New York, New York 10036<br><br>Arthur J. Burke, Esq.<br>David B. Toscano<br>James W. Haldin, Esq.<br>DAVIS POLK & WARDWELL<br>450 Lexington Avenue<br>New York, New York 10017<br><br>Louis A. Karasik, Esq.<br>Andrew E. Paris, Esq.<br>Stephanie A. Jones, Esq.<br>ALSTON & BIRD LLP<br>333 South Hope Street, 16th Floor<br>Los Angeles, California 90071<br><br>Stephen R. Neuwirth, Esq.<br>Deborah Brown, Esq.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010 |

If the Settlement is finally approved, you will remain a Class Member regardless of whether you objected. You will remain bound by the terms of the Settlement and will not be able to sue Defendants about the claims in this case.

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the relevant part of the Settlement. Excluding yourself is telling the Court that you do not want to be part of that aspect the Settlement. If you exclude yourself for purposes of pursuing past damages claims, you cannot object to the release of damages claims, because that aspect of the Settlement no longer affects you. You may object to the provisions providing for changes in the Defendants' practices whether or not you object.

## THE LAWYERS WHO REPRESENT YOU

The Court appointed Langer Grogan & Diver, P.C. to represent the class. This firm, together with other law firms that have assisted them, are called "Plaintiffs' Counsel." You will not be charged for these lawyers, because their fees will be paid separately by Defendants if the court approves the fees. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

Plaintiffs' Counsel will ask the Court to award attorneys' fees and reimbursement of the expenses they had in this case. Plaintiffs' Counsel's application for attorneys' fees and expenses will be filed with the Court by August 10, 2015, and posted on the Settlement website. Plaintiffs' Counsel will request $6,500,000 in fees and costs, which is based on the hourly fees they have incurred over the last 4 years and the litigation expenses they have incurred over this time.

Plaintiffs' Counsel will also ask for incentive awards of up to $10,000 for each named Plaintiff for their services on behalf of the class.

The fees, costs, and incentive awards will be paid by certain Defendants.

## THE COURT'S FAIRNESS HEARING

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider Plaintiffs' Counsel's request for attorneys' fees and expenses and Plaintiff incentive awards. If there are objections, the Court will consider them. If you do not file a written objection, you will not be permitted to speak at the Fairness hearing. After the Fairness Hearing, the Court will decide whether to approve the Settlement and how much to award for fees, expenses and incentive awards.

The Court will hold the Fairness Hearing on August 31, at 2:30 p.m., at the United States Courthouse, 500 Pearl Street, New York, New York 10007-1312. A motion for final approval of the Settlement will be filed by Plaintiffs' Counsel by August 10, 2015. The motion will also be posted on the Settlement website.

The Fairness Hearing may be moved to a different date or time without additional notice, so it is recommended that you periodically check www.NHLbroadcastingsettlement.com for updated information. Members of the Class who support the Settlement do not need to appear at the hearing or take any other action to indicate their approval of the Settlement. Members of the Class who object to the Settlement are not required to attend the Fairness Hearing.

**18.     Do I need to come to the hearing?**

No. Plaintiffs' Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You also may pay your own lawyer to attend the Fairness Hearing, but his or her attendance is not necessary.

**19.     May I speak at the hearing?**

You may speak at the Fairness Hearing if you submitted an objection as described in the answer to Question 11 and stated in your objection that you wish to be heard at the Fairness Hearing. You must file your objection by August 21, 2015 or you will not be heard.

If you choose to appear in person at the Fairness Hearing, you can appear yourself or by retaining an attorney at your own expense to appear on your behalf. If the attorney is appearing on behalf of more than one Class Member, he or she must identify each of those Class Members.

## OTHER INFORMATION

**20.     How do I get more information?**

This notice summarizes the Settlement. More details are in the Settlement Agreement available at www.NHLbroadcastingsettlement.com. If you still have questions, call the Settlement Administrator at 1-800-481-7948, contact them via the settlement website, or write to *Laumann v. National Hockey League*; c/o Heffler Claims Group; Po Box 58547; Philadelphia, PA 19102-8547.

**Please do not contact Defendants, their counsel, the Court or the Clerk's office.**