**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THOMAS LAUMANN, et al., representing
themselves and all others similarly situated,

|                                          |                        |
| ---------------------------------------- | ---------------------- |
|                            Plaintiffs,   |  12-cv-1817 (SAS)      |
| v.                                       |  ECF Case              |
| NATIONAL HOCKEY LEAGUE, et al.,          |                        |
|                            Defendants.   |                        |

## [PROPOSED] ORDER APPROVING CLASS SETTLEMENT AND AWARDING ATTORNEYS FEES AND COSTS

**AND NOW,** this ____ day of_____, 2015, the Court having held a hearing on plaintiffs' motions for approval of a proposed settlement (the "Settlement"), as embodied in the Class Action Settlement Agreement dated June 10, 2015 (the "Agreement"), and for an award of attorneys' fees and costs, and good cause appearing, finds that:

1.      The capitalized terms used in this Order shall have the same meanings set forth in the Agreement.

2.      The Class certified by the Court on May 14, 2015 and subject to this Order is defined as follows:

> All individuals in the United States who purchased television service from DIRECTV and/or Comcast, or their subsidiaries, which included Center Ice, and/or who purchased NHL GameCenter Live from the NHL or its subsidiaries, between March 12, 2008 and June 10, 2015.  Excluded from the Class are Defendants and their employees, officers, directors, and legal representatives. Also excluded from the Class are Judge Shira Scheindlin and members of her judicial staff of the United States District Court for the Southern District of New York, and members of their immediate families.

3.     The Court finds that it has jurisdiction over the subject matter of the

Action, the Class Representatives, the Class Members and all Defendants.

## BACKGROUND

4.     The parties wish to settle and resolve all of plaintiffs' claims to avoid the uncertainties and risks of trial, to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgments contemplated by the Agreement so as to put to rest totally and finally the matters raised by plaintiffs.

5.     The Settlement was reached after arms-length negotiations, including multiple mediation sessions before Hon. Stephen M. Orlofsky, a retired federal district court judge.  Further, the Settlement was reached only after counsel litigated this case for more than three years by, inter alia:  (a) engaging in extensive fact and expert discovery; (b) litigating defendants' motion for summary judgment, which was denied in full in August 2014; and (c) litigating an effort by Plaintiff to certify a class, including a full evidentiary hearing.

## APPROVAL OF SETTLEMENT

6.     The Court has reviewed the terms of the Agreement and all objections and comments thereto and finds that the Settlement is fair, reasonable, and adequate under the circumstances of this case and in the best interests of the Class.   Accordingly, the Settlement is approved.  In evaluating the Settlement, the Court considered a variety of factors and makes the following findings:

- The named Plaintiffs are adequate representatives of the Class;

2

- The notice provisions set forth in the parties' Notice Plan-attached as Exhibit B to the Agreement-constitute the only notice required;

- The notice provided to the Class pursuant to the Notice Plan satisfied the requirements of due process, the Federal Rules of Civil Procedure, and other applicable laws and rules.  The notice was the best notice practicable under the circumstances, was otherwise fair and reasonable, and constituted valid, due, and sufficient notice;

- The terms of the Settlement provide substantial and direct benefits to the Class;

- Class Counsel are experienced trial practitioners with substantial experience in class action litigation and recommended approval of the Settlement;

- The timing of the Settlement weighs strongly in favor of approval.  The parties have been sufficiently informed to assess the strengths and weaknesses of their positions and to make a reasoned evaluation of whether and on what terms to settle.  The facts of the case are well-developed, the parties have exchanged substantial written discovery and taken numerous depositions, and they have presented the positions of their respective experts regarding matters involved in adjudicating the class issues and merits of the litigation;

- The risk and uncertainty to Class Members with respect to the prospect of continued litigation also weigh significantly in favor of approval.  In evaluating the Settlement, the Court compares the benefits of settling

3

against the risks and burdens of potentially protracted litigation. Defendants deny any fault, wrongdoing, or liability whatsoever and have asserted numerous affirmative defenses.  In particular, the Defendants deny that the territorial rules violate the antitrust laws.  The outcome of any trial to ultimately adjudicate Plaintiffs' claims is uncertain.  The Agreement provides the Class Members with immediate and certain resolution and alleviates their burden to prove their claims.

- The Settlement allows the Class Members to avoid significant expenses associated with litigation of the issues raised in this Action and to obtain concrete benefits that might otherwise be unavailable to them in the event of an adverse result;

- The future expense and likely duration of the litigation, and its uncertainty of outcome, supports approval of the Settlement; and

- Nothing indicates an absence of good faith or lack of independence between Plaintiffs and Defendants regarding the Settlement.

## **<u>DISCLAIMER OF ADMISSIONS</u>**

7.      The provisions of this Final Order and Judgment are entered as a result of the agreement and settlement of the parties.  The parties' stipulation and this Final Order and Judgment are not intended to, and shall not be construed as, an admission or finding, express or implied, of any fault, liability or wrongdoing by defendants.

8.      The Agreement and this Final Order and Judgment are not admissions of liability or fault by Defendants or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by the Defendants or any

Released Parties.  The Agreement and settlement are not a concession by the Parties. Neither this Final Order and Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by the Defendants, the Released Parties, or any of them.  Notwithstanding the foregoing, nothing in this Final Order and Judgment shall be interpreted to prohibit its use in a proceeding to consummate or enforce the Agreement or this Final Order and Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

## APPLICABILITY

9.     The provisions of this Final Order and Judgment are applicable to and binding upon defendants, and upon all members of the Class, their heirs, administrators, executors, and assignees and dismiss in their entirety and with prejudice the claims of all members of the Class against defendants, as more fully set out in Section I of the Agreement, without costs to any party against any other party except as otherwise provided herein.

10.     This Final Order and the Final Judgment entered pursuant to it is intended by the parties and the Court to be *res judicata* and to prohibit and preclude any prior, concurrent or subsequent litigation, arbitration, or other proceeding brought individually, or in the name of, and/or otherwise on behalf of the Plaintiffs or members of the Class with respect to any and all claims or issues which were or could have been raised in the Action as of the Effective Date, as set forth in Section I of the Agreement.

11.     Plaintiffs and all members of the Class, individually and on behalf of their affiliates, agents, successors and assigns, are deemed to have conclusively settled and released any future claims against defendants related to the transactions and conduct alleged in the Complaint, as more fully set forth in Section I of the Agreement.

12.     Plaintiffs and all members of the Class, individually and on behalf of their affiliates, agents, successors and assigns, are deemed to have covenanted not to sue, institute, or instigate any legal, equitable or administrative proceedings against defendants for any Released Claims, as more fully set forth in Section I of the Agreement.

13.     Each member of the Class is barred and permanently enjoined from prosecuting any action in state or federal court, arbitration, or before any administrative body against defendants with respect to any Released Claims, as more fully set forth in Section I of the Agreement.

**IT IS THEREFORE HEREBY ORDERED AND DECREED THAT A FINAL JUDGMENT BE ENTERED AS FOLLOWS:**

A. The Settlement in this action is approved as fair, reasonable and adequate and shall be consummated in accordance with its terms.

B. An incentive award is made to the named plaintiffs in the aggregate amount of $_____, to be paid by Defendants and allocated by Class counsel in accordance with the Agreement.

C. An amount of $_____ in attorneys' fees and expenses are awarded to Class counsel. Defendants shall pay, in accordance with the Agreement, said sums to Lead counsel for allocation by Lead counsel to Class counsel.

D.  Except as to any damages claims of the persons listed on Exhibit A hereto, this action is dismissed with prejudice; and, except as provided in this Final Approval Order, without costs.

E.  Any damage claims of the persons listed on Exhibit A hereto are dismissed without prejudice.

F.  All members of the Class are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court or arbitration forum asserting any claims released pursuant to the Agreement.

G.  The Court reserves exclusive jurisdiction over the Settlement, the Agreement, and the award of attorneys' fees.

**IT IS SO ORDERED.**

_____

**HON. SHIRA SCHEINDLIN**
**UNITED STATES DISTRICT JUDGE**